NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUINTERO GONZALEZ-ARLOZONAN, | No. 15-70455 |
| Petitioner, | Agency No. A070-146-430 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Quintero Gonzalez-Arlozonan, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT").   We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003), and deny the petition for review.

Substantial evidence supports the agency's finding that Gonzalez-Arlozonan failed to establish that it is more likely than not he would be tortured in Mexico by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). We reject Gonzalez-Arlozonan's contention that the BIA misinterpreted or ignored his testimony. Thus, Gonzalez-Arlozonan's CAT claim fails. *See id*. at 1035.

**PETITION FOR REVIEW DENIED.**